IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEL SUPPO, INC., a/k/a DEL SUPPO )
POOLS, INC., )
          Plaintiff, )
)
    vs ) Civil Action 07-952
)
NAUTILUS INSURANCE COMPANY, )
          Defendant. )

OPINION AND ORDER

MITCHELL, Magistrate Judge:

      Presently before the Court is the plaintiff's motion to remand this action to the Court of Common Pleas of Westmoreland County, PA (Document No. 8), as well as the defendant's motion to dismiss the complaint (Document No. 15). For reasons discussed below, the Court will decline to exercise its discretionary jurisdiction over this declaratory judgment action, and it will order this case to be remanded to the Court of Common Pleas of Westmoreland County, PA. In light of this ruling, the Court will deny as moot the plaintiff's motion to remand, and it will dismiss without prejudice the defendant's motion to dismiss.

      The plaintiff, Del Suppo, Inc., a/k/a Del Suppo Pools, Inc. ("Del Suppo"), commenced this declaratory judgment action in the Court of Common Pleas of Westmoreland County, PA (at 4709 of 2007), seeking a declaration that defendant Nautilus Insurance Company ("Nautilus") is obligated to defend and indemnify it in an underlying state court suit pursuant to a

liability insurance policy issued by Nautilus, of which it is an additional insured.[1]

In response to Del Suppo's complaint for declaratory judgment, Nautilus filed a timely notice of removal to this Court, asserting that the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Thereafter, Del Suppo timely moved to remand this action on dual grounds. It argues that diversity jurisdiction is not present here, and that the state law question of insurance coverage is more properly a matter for the state court to resolve. In its motion to remand, Del Suppo has not shown a defect in the removal procedure.[2] Nonetheless, since this declaratory judgment action involves purely an issue of state law insurance coverage, the Court will decline to exercise its discretionary jurisdiction over it and will remand the matter to state court. Based on our ruling to remand, the Court will deny as moot the plaintiff's motion to remand, and it will dismiss without prejudice the defendant's motion to dismiss.[3]

In its complaint for a declaratory judgment, Del Suppo avers that prior to initiating construction of a swimming pool with Mr. Bergman of Bergman Excavation, Mr.

---

1. The underlying suit was brought in the Court of Common Pleas of Westmoreland County, PA by the City of Monessen against Del Suppo and other parties (at No. 3482 of 2005), alleging that the defendants made soil excavations to construct a swimming pool which resulted in the subsidence of lateral ground support to Helen Avenue, which caused damage to its pavement.

2. We disagree with Del Suppo that diversity jurisdiction is lacking here. As gleaned from the record, Nautilus is incorporated in the State of Arizona with its principal place of business in Scottsdale, AZ, while Del Suppo is incorporated in the Commonwealth of PA. Furthermore, although Del Suppo argues otherwise, it has not shown that Ron Bergman, a named insured on the policy issued by Nautilus, is an indispensable party under F.R.Civ.P. 19 whose joinder would defeat diversity.

3. Nautilus has moved to dismiss the complaint pursuant to F.R.Civ.P. 12(b)(7), arguing that Del Suppo has failed to join a real party in interest, namely, its commercial general liability insurance carrier, Fireman's Insurance Company of Washington, D.C. We do not reach the merits of the defendant's motion to dismiss.

Bergman acquired a liability insurance policy from Nautilus (policy no. C-NC0000302420) which named Del Suppo as an additional insured on the policy; that its counsel sent a letter to Nautilus, requesting it to defend and indemnify Del Suppo in the underlying suit, but Nautilis has refused; and that to ascertain if it is entitled to coverage under the aforesaid liability insurance policy, it initiated this suit, for which it seeks a declaratory judgment.

The Declaratory Judgment Act provides, in relevant part, that a court "*may* declare the rights and other legal relations of any interested party". 28 U.S.C. § 2201 (italics added).[4] The jurisdiction conferred by the Declaratory Judgment Act is discretionary, and district courts are under no compulsion to exercise it. State Auto Ins. Companies v. Summy, 234 F.3d 131, 133 (3d Cir. 2000), citing Brillhart v. Excess Insurance Co. of America, 316 U.S. 491, 494 (1942); accord, Wilton v. Seven Falls Co., 515 U.S. 277, 287-88 (1995).

The Third Circuit Court of Appeals has counseled that "federal courts should hesitate to entertain a declaratory judgment action where the action is restricted to issues of state law." Atlantic Mutual Insurance Co. v. Gula, 84 Fed.Appx. 173, 2003 WL 22962947, *2 (3d Cir., Dec. 17, 2003), citing Summy, supra, 234 F.3d at 134-35. Conversely, district courts do "not have open-ended discretion to decline jurisdiction over a declaratory judgment action when the issues include[ ] federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding." Summy, 234 F.3d at

---

4. In pertinent part, the Declaratory Judgment Act provides:
In a case of actual controversy within its jurisdiction,... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. 28 U.S.C. § 2201(a).

134.  None of these exceptions to the Court's discretionary jurisdiction are present here.

In Summy, our Court of Appeals stated that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum."  Id. at 136.  Indeed,

> the state's interest in resolving its own law must not be given short shrift simply because one party ... perceive[s] some advantage in the federal forum.  When the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts.

Id.

In cases as here, where a declaratory judgment action involves solely an issue of insurance coverage, relevant considerations include a general policy of restraint when the same issue is pending in state court and avoidance of duplicative litigation.  Gula, 84 Fed.Appx. at 174, citing Summy, 234 F.3d at 134.  Del Suppo avers that the factual issues necessary to determine the scope of insurance coverage under the policy are being litigated in the underlying action.  To have the parties rehash those facts in this forum would amount to piecemeal and duplicative litigation, which is a factor strongly weighing against this Court's exercise of jurisdiction.  See, Summy, 234 F.3d at 135.

The fact that there is no pending state court suit between the parties on the issue of insurance coverage is not determinative in our decision to retain or decline jurisdiction.  This Court has stated: "although it is a factor for the district court to consider, the existence of a parallel state court proceeding is not a necessary predicate for a district court to decline jurisdiction in a declaratory judgment action."  Allstate Insurance Co. v. Seelye, 198 F.Supp. 2d 629, 632 (W.D.Pa. 2002), citing Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 423

(4th Cir. 1998) (holding that there is no requirement that a state action be pending before a federal court may decline to exercise jurisdiction over a declaratory judgment action); and Golden Eagle Ins. Co. v. Travelers Cos., 103 F.3d 750, 754 (9th Cir. 1996), overruled on other grounds by Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998)(en banc).  Accord, Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 394 (5th Cir. 2003) (stating: "The lack of a pending parallel state proceeding should not automatically require a district court to decide a declaratory judgment action, just as the presence of a related state proceeding does not automatically require a district court to dismiss a federal declaratory judgment action").  Also see, Rickenbach v. State Auto Ins. Co., Slip Copy, 2007 WL 1314889, *3 (E.D.Pa., May 4, 2007) ("Even though there is no parallel state court proceeding in this case, the court has discretion to decline to exercise jurisdiction since there is no federal interest in this case."); accord, Travelers Indemnity Co. v. Cast and Baker Corp., 2006 WL 2517079, *2 (W.D.Pa., Aug. 29, 2006).

Significantly, the sole issue of insurance coverage in this case presents no federal question, nor promotes any federal interest.  This weighs heavily against exercising jurisdiction over this declaratory judgment action.  Seelye, 198 F.Supp.2d at 631.  In addition, "the state's interest in determining issues of state law also weighs against exercising jurisdiction in declaratory judgment actions."  Gula, 84 Fed.Appx. at 174 (citation omitted).  Further, since state law on the issue of insurance coverage is well settled, there is even less reason for the parties to litigate their dispute in federal court.  Summy, 234 F.3d at 136; Seelye, 198 F.Supp.2d at 631.

Del Suppo's objection to this Court's exercise of jurisdiction is a factor that supports a decision to decline jurisdiction, although it is not a necessary one, as a district court may decline jurisdiction in a declaratory judgment action *sua sponte*.  Summy, 234 F.3d at 136;

Seelye, 198 F.Supp.2d at 632.  When a federal court declines to entertain a declaratory judgment action that was removed from state court, it has authority to remand the matter back to state court.  Golden Eagle, supra, 103 F.3d at 756; Warner v. Frontier Ins. Co., 288 F.Supp.2d. 127, 132 (D.N.H. 2003); McDowell Oil Service, Inc. v. Interstate Fire And Casualty Co., 817 F.Supp. 538, 546 (M.D.Pa. 1993).

      An appropriate Order will be entered.

O  R  D  E  R

AND NOW, this 16th day of August, 2007, for the reasons set forth in the Court's Opinion and Order,

IT IS ORDERED that the Court declines to exercise its discretionary jurisdiction over this declaratory judgment action, that the plaintiff's motion to remand (Document No. 8) is denied as moot, that the defendant's motion to dismiss (Document No. 15) is dismissed without prejudice, and that this matter is remanded to the Court of Common Pleas of Westmoreland County, PA forthwith.

The Clerk is directed to mark this case closed.

s/ ROBERT C. MITCHELL
United States Magistrate Judge
